1
2
3
4
5
6
7

8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STRIKE 3 HOLDINGS, LLC,                    No.  2:23-cv-2709-TLN-CKD

12              Plaintiff,

13         v.                                    ORDER

14    JOHN DOE SUBSCRIBER ASSIGNED
      IP ADDRESS 47.35.27.228,
15
                Defendant.
16

17

18    **I.      INTRODUCTION**

19         Plaintiff filed this matter on November 20, 2023, alleging it holds the copyright on various

20    adult films, and that defendant is infringing on those copyrights by anonymously downloading

21    and distributing Strike 3's films to others, using the BitTorrent protocol.  (ECF No. 1.)  Plaintiff

22    can only identify defendant by his or her IP address, through which defendant downloads and

23    distributes the films.  (Id.)  To acquire the true name and address of defendant, plaintiff brings an

24    ex parte application to engage in expedited discovery and serve a third-party subpoena, prior to a

25    Rule 26(f) conference, on defendant's internet service provider ("ISP"). (ECF No. 3-1.)  Plaintiff

26    asserts that without the subpoena it will be unable to serve the complaint on defendant and will,

27    therefore, be prevented from vindicating its copyright.  (Id.)

28    ////

                                                    1

## II.     DISCUSSION

### A.      Federal Rules of Civil Procedure 26(d) and (f)

Rule 26(d) states "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding excepted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Rule 26(f) contemplates a pre-discovery conference between the parties to facilitate the development of a discovery plan that will control throughout the litigation.  Obviously, in the absence of knowledge of the actual party being sued, no discovery conference can be held.  Thus, plaintiff seeks relief from that requirement from the court.

Courts in the Ninth Circuit apply the "good cause" standard in deciding whether to permit early discovery.  See Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D.Cal. 2002).  "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'"  Id.  Good cause for expedited discovery has been found in cases involving claims of infringement and unfair competition.  Id.  In infringement cases, expedited discovery is frequently limited to allowing plaintiffs to identify Doe defendants.  See UMG Recordings, Inc. v. Doe, 2008 WL 4104207, at *3 (N.D. Cal. Sept. 4, 2008).

### B.      Standard for Determining Whether to Issue the Requested Subpoena

In Arista Records, LLC v. Doe 3, the Second Circuit articulated five principal factors to consider when a defendant seeks to quash a subpoena in a situation like this:  (1) the concreteness of plaintiff's showing of a prima facie claim of actionable harm; (2) the specificity of the discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for subpoenaed information to advance the claim; and (5) defendant's expectation of privacy.  604 F.3d 110, 119 (2nd Cir. 2010) (citing Sony Music Entm't Inc. v. Does 1-40, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004)).  While no defendant has appeared in this matter and there is no pending motion to quash, the factors enunciated by the Second Circuit in Arista are useful in determining whether to grant plaintiff's ex parte application.

////

1    Here, the first four factors weigh in plaintiff's favor:  (1) plaintiff has stated a prima facie

2   claim by providing a list of downloads of its copyrighted films that had been downloaded to the

3   subject IP address; (2) plaintiff specifically seeks to discover only the name and contact

4   information for the individual using that IP address; (3) plaintiff is unable to identify this

5   individual other than by subpoenaing the ISP; and (4) without identifying defendant, plaintiff will

6   be unable to proceed with the instant copyright action.

7    At the same time, the last factor weighs against granting plaintiff's request, without

8   additional safe-guards.  To simply issue an order for expedited discovery as requested here, raises

9   a serious constitutional question of the IP address owner's reasonable expectation of privacy.

10   **C.     The Need for Privacy Protection**

11   As the United States Supreme Court made clear in Griswold v. Connecticut, "specific

12   guarantees in the Bill of Rights have penumbras formed by emanations from those guarantees that

13   give them life and substance." 381 U.S. 479, 485 (1965).  The Supreme Court found a right to

14   privacy emanating from several Amendments, notably the First, Third, Fourth, Fifth, and

15   Fourteenth. Id.  Privacy can encompass fundamental and traditional activities such as marriage,

16   medical records, or more recently found rights such as commercial privacy.  Still, the right to

17   privacy is not absolute, and is balanced against other societal interests, especially in the litigation

18   context.  See Soto v. City of Concord, 162 F.R.D. 603, 618 (N.D. Cal. 1995).

19   Here, the limited privacy protection afforded under the Constitution must be considered

20   for the person who will be identified by the procedure of serving a subpoena on an ISP.  Indeed,

21   the assumption

22   that the person who pays for Internet access at a given location is the
       same individual who allegedly downloaded a single sexually explicit
23   film is tenuous, and one that has grown more so over time.  An IP
       address provides only the location at which one of any number of
24   computer devices may be deployed, much like a telephone number
       can be used for any number of telephones. As one introductory guide
25   states:

26   If you only connect one computer to the Internet, that
       computer can use the address from your ISP.  Many homes
27   today, though, use routers to share a single Internet
       connection between multiple computers.  Wireless routers
28   have become especially popular in recent years, avoiding the

3

> need to run network cables between rooms.  If you use a router to share an Internet connection, the router gets the IP address issued directly from the ISP.  Then, it creates and manages a subnet for all the computers connected to that router.
>
> Thus, it is no more likely that the subscriber to an IP address carried out a particular computer function—here the purported illegal downloading of a single pornographic film—than to say an individual who pays the telephone bill made a specific telephone call.

In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 84 (E.D.N.Y. 2012).

As such, "[e]stablishing that the person identified by discovery is the person who infringed upon the copyright will likely require additional proofs beyond the fact that the individual is listed as the subscriber on the account from which the infringing activity originated." Manny Film LLC v. Doe Subscriber Assigned IP Address 50.166-88-98, 98 F.Supp.3d 693, 695 (D.N.J. 2015) (citing Malibu Media, LLC v. John Does 1-18, No. 12-7643(NLH/AMD), 2013 U.S. Dist. LEXIS 155911, at *8-9 (D.N.J. Mar. 22, 2013).

Finally, consideration must be given to the fact that this particular case—focused on the alleged theft of pornographic films—would have a different effect on an individual wrongly identified as a defendant than would a run-of-the-mill copyright infringement case.  Such a wrongly named defendant would likely feel exposed to embarrassment and reputational damage, even before he or she could engage counsel and litigate the issue of mistaken identity through a motion to quash.  Moreover, the possibility exists of being forced into a settlement to avoid the effects of such "exposure."  See In re BitTorrent, supra, 296 F.R.D. at 90.

**III.   CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1.      Plaintiff's Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (ECF No. 3) is GRANTED on the terms of this order.

2.      Plaintiff may engage in limited expedited discovery to establish the identity of the owner of the IP address identified in the complaint by serving a subpoena on the ISP provider of the subject IP address.

////

3.      The ISP shall be served with a subpoena seeking only the true name and address of the person or entity to whom the subject IP address is assigned.

4.      Within ten (10) days after plaintiff has obtained the actual identity of the person or entity associated with the subject IP address, plaintiff shall serve a copy of this order on that person or entity. Plaintiff need not mail such a copy if the action is dismissed prior to the expiration of that ten-day period.

5.      No formal service of process shall be permitted absent further order of this court.

6.      The parties—both plaintiff and the potential defendant—are hereby invited to attend an informal conference before the undersigned for the following purposes:

        a.      To set a schedule that will allow the defendant an opportunity to file a
                motion to quash the subpoena, if there are true and adequate grounds
                therefor; and

        b.      To establish procedures for service of process or waiver thereof.

7.      This informal conference may take place via telephone or Zoom.  The parties should contact the courtroom deputy, Lisa Kennison, at lkennison@caed.uscourts.gov to arrange an informal conference if they wish to schedule one.

8.      The parties are advised that attendance at such a conference is voluntary and will not itself constitute a waiver of service of the complaint, or result in a finding of "appearance" in the litigation, unless the potential defendant agrees to waive service, or the case is resolved and a settlement is placed on the record.

9.      Not later than 60 days from the date of this order, plaintiff shall file a status report including the following:

        a.      Whether service of this order has been effectuated as directed;

        b.      Whether defendant has agreed to attend an informal conference; and

        c.      If applicable, whether the parties seek a telephonic or in person conference.

        d.      The status report shall continue to identify the defendant by John or Jane
                Doe at the subject IP address.

////

5

1    10.    If plaintiff makes any routine requests in the status report, including but not

2  limited to a request for the court to order that a further status report be filed, then plaintiff shall

3  electronically submit a pdf version of a proposed order and shall email a separate proposed order

4  in Word format to the Magistrate Judge's email box listed on the court's website. See Local Rule

5  137.

6    11.    After receipt of the status report, the court will schedule an informal conference, if

7  necessary.

8    12.    A decision by the person identified as the owner of the subject IP address not to

9  attend an informal conference will lead to an order substituting the identified defendant by name,

10  permitting ordinary service of process, and commencement of the litigation.

11    13.    Plaintiff is cautioned that, until permission is given by the court, it is not to reveal

12  the identity of the defendant in or out of court.

13    14.    Nothing in this order precludes plaintiff and defendant from reaching a settlement

14  without court participation before any informal conference is held or formal service of process is

15  effectuated.

16  Dated:  December 12, 2023

17  _____
    CAROLYN K. DELANEY
18  UNITED STATES MAGISTRATE JUDGE

19  21,stri.2709.expartedisc

20

21

22

23

24

25

26

27

28